[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Clinton Board of Education ("Board") and the Education Association of Clinton ("EAC") or ("Association") entered into contract negotiations in July of 1998. Unable to reach a negotiated agreement, binding arbitration was instituted under the terms of the Teachers Negotiation Act ("TNA"), Conn. Gen. Stat. § 10-153f.
Pursuant to the TNA, each party selected an arbitrator to represent its interests on the arbitration panel and the Commissioner of the State Board of Education ("Commissioner") selected one neutral arbitrator to chair the panel (First Panel). An evidentiary hearing was held and the parties submitted exhibits and briefs regarding the disputed issues.
On December 3, 1998, the First Panel issued its award. It awarded the last best offer of the Board on six issues and the last best offer of the Association on five issues. The legislative body of the Town of Clinton voted unanimously to reject this award. A second arbitration panel (Second Panel), was appointed by the Commissioner of Education, in accordance with statutory requirements.
The Second Panel issued its award on February 11, 1999. The Second Panel award differed from the First Panel award on two issues: Issue #2 (Teaching Periods — Science Laboratories) and Issue #3 (Special Education — Physical Restraint). The Association moves to modify the awards on these issues.
The Plaintiff initially claimed that the First Panel's decision violated all the provisions of C.G.S. § 10-153f(c)(8). In its brief it addresses only two claims, that the panel violated Conn. Gen. Stat. § 10-153f(c)(8): subsection (B) insofar as the decision was in excess of the statutory authority of the panel and subsection (C) insofar as it made upon unlawful procedure. Accordingly, this court will rule only on the grounds briefed, the others are deemed abandoned.
The court must decide this matter in accord with under the language of the Teacher Negotiation Act. In so doing, the court will be guided by accepted rules of statutory construction. The procedures to be followed after a rejection of a First Panel award are set forth in Conn. Gen. Stat. § 10-153f(c)(7). The town has ten days to notify the commissioner and the exclusive representative of the bargaining unit of the rejection. The representative of the bargaining unit is then required to prepare a written response within ten days, and the board of education CT Page 12581 may also prepare a written response. The commissioner selects a panel of three neutral arbitrators or, if the parties agree, a single neutral arbitrator. These arbitrators must: (1) be residents of Connecticut, (2) be labor relations arbitrators, (3) be approved by the American Arbitration Association and (4) not have been a member of the First Panel whose award was rejected. The arbitrators are specifically required to review the First Panel's decision on each rejected issue and issue their own award with respect to each issue. Conn. Gen. Stat. § 10-153f(c)(7).
The structure of the review by the Second Panel is outlined as follows:
 The review conducted pursuant to this subdivision shall be limited to the record and briefs of the hearing pursuant to subdivision (2) of this subsection, the written explanation of the reasons for the vote and a written response by either party. In conducting such review, the arbitrators . . . shall be limited to consideration of the criteria set forth in subdivision (4) of this subsection . . . The arbitrators shall accept the last best offer of either of the parties. . . . The decision of the arbitrators . . . shall be in writing and shall include the specific reasons and standards used by each arbitrator in making his decision on each issue.
Id.
The record referred to in subsection (c)(7) includes the hearing transcripts, which, memorialize the testimony of witnesses, as well as documentary evidence submitted by the parties. In addition, the legislature directed that the Second Panel consider the criteria set forth in subdivision (4) of Section 10-153f(c), including the public interest, the financial capability of the municipality, the interests of the employee group, the conditions of employment of similar groups, and others. The legislature used the same language to delineate the Second Panel's review of the "record" as it used to require the second Panel's review of the "criteria."
In addition, the plain language of the statute requires the review panel to issue its own award. Section 10-153 f(c) states that the review panel "shall accept the last best offer of either of the parties" and "shall render a final and binding award." Thus, the legislature directed that the review panel take a fresh look at the evidence and analyze it independently against the backdrop of the statutory criteria provided. The Second Panel is not an appellate body in the sense of the UAPA, and the deferential standard of review urged by the Plaintiff herein does not CT Page 12582 make sense in light of the statutory scheme. While it is true that the word "review" is used, the word itself does not connote deference to the first level of examination, any more than it does not. Here, in light of the statute's plain language, it simply means another look.
Even if one were to go behind the plain statutory language, the intent of the statute was to return to towns some power in the arbitration process, when a town could muster the super-majority vote. Any interpretation other than de novo review would undercut the statutory scheme.
In addition, judicial review was and is provided for in the statute. The award of the First Panel is not "final" for judicial appeal purposes unless no rejection is filed under subsection (c)(7)("The decision of the arbitrators . . . shall be final and binding upon the parties to the dispute unless a rejection is filed in accordance with subdivision (7) of this subsection"). Thus, the Second Panel is part of the arbitration process, preliminary to the judicial appeal provided for.
Indeed, and perhaps most simply put, if the legislature intended a deferential standard of review, the statute could have easily said so, just as it had delineated that standard for judicial review.
The motion to modify the award is denied.
ELAINE GORDON JUDGE OF THE SUPERIOR COURT